UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| STEVE DUNN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORNING INCORPORATED, )<br>)<br>Defendant. )<br>) | Civil Case No.<br>5:13-cv-8-JMH-REW<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

                                                **\* \* \***

This matter is before the Court upon Defendant's Motion for Summary Judgment. [D.E. 25]. Plaintiff filed his Response [D.E. 28], and Defendant filed a Reply. [D.E. 30]. This matter being fully briefed, it is now ripe for the Court's review.

**I. Factual and Procedural Background**

This suit was removed to this Court from the Circuit Court of Mercer County, Kentucky, on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1441. [D.E. 1]. Plaintiff asserts claims of negligence per se and negligence, seeking compensatory and punitive damages for injuries he sustained while working at Defendant's Harrodsburg, Kentucky manufacturing plant. [D.E. 1-1]. Plaintiff's employer, Comstock Brothers Electric Company, LLC, was hired as an independent contractor by Defendant to perform electrical work at its manufacturing plant for the 2012 calendar year. [D.E. 25-4, 25-5]. While working for

Comstock Brothers at Defendant's manufacturing plant, Plaintiff was injured when he was struck in the head. [D.E. 28, at 2]. Plaintiff was attempting to exit the cullet crusher pit at Defendant's plant when the exit hatch swung back and hit him in the head, causing Plaintiff to fall down the ladder and into the cullet crusher pit. *Id.* Defendant has filed a Motion for Summary Judgment [D.E. 25] claiming that it is entitled to the exclusive remedy protection of the Kentucky Workers' Compensation Act. There is no dispute that Comstock Brothers and Corning Incorporated were each covered by workers' compensation insurance policies at the time of Plaintiff's injuries. [D.E. 25-7, 25-8].

**II. Standard of Review**

A motion for summary judgment may only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**III. Analysis**

Defendant failed to provide evidence on which the Court can determine whether Plaintiff was engaged in a regular or recurring task within its business, and, therefore, at this time, Defendant may not be granted summary judgment based on the exclusive remedy protection provided by the Kentucky Workers' Compensation Act. The exclusiveness of recovery under the Kentucky Workers' Compensation Act is established by KRS 342.690:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610.

KRS 342.690(1). A contractor is defined as "[a] person who contracts with another . . . to have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person." KRS 342.610(2). "Recurrent simply means occurring again or repeatedly. Regular generally means customary or normal, or happening at fixed intervals. However, neither term requires

3

regularity or recurrence with the preciseness of a clock or calendar." *Daniels v. Louisville Gas & Elec. Co.*, 933 S.W.2d 821, 824 (Ky. Ct. App. 1996).

Kentucky courts determine whether the work being performed by an injured plaintiff was regular or recurrent by assessing the regularity of the particular task being performed when injured. In *General Electric Co. v. Cain*, the Kentucky Supreme Court analyzed the individual tasks a plaintiff, Rehm, performed for each of the multiple defendants. 236 S.W.3d 579, 592-605 (Ky. 2007). Likewise, the Kentucky Court of Appeals, when assessing whether an electrical cooperative was a contractor, focused on the individual task of "repairing a power line." *Reichwein v. Jackson Purchase Energy Corp.*, 397 S.W.3d 413, 418 (Ky. Ct. App. 2012). Thus, Defendant can only be considered a "contractor" for purposes of exclusive remedy protection if the particular task being performed by Plaintiff was a regular or recurrent task performed by Defendant's employees or independent contractors. *See Doctors' Assocs. v. Uninsured Employers' Fund*, 364 S.W.3d 88, 92 (Ky. 2011) ("A contractor that never performs a particular job with its own employees can still come within KRS 342.610(2)(b).").

Based on the evidence presented, it is unclear whether Plaintiff's specific task, running electrical power, was a regular or recurring part of Defendant's business. It is

4

undisputed that Plaintiff was injured while running electrical power to the cullet crusher pit. [D.E. 25-2, at 56; D.E. 28, at 3-4]. The head of Defendant's maintenance department at the Harrodsburg manufacturing plant, Clifton Ross, stated in an affidavit that the "cullet crushers are routinely maintained and rebuilt as necessary to support demands of the production process." [D.E. 25-9, at 2]. While this statement establishes that a cullet crusher pit requires some degree of recurring or regular maintenance, it does not establish that running electrical power is part of that maintenance. The parties do not point to, and the Court cannot find, any description of the routine maintenance and rebuilding Ross refers to in his affidavit, or any other evidence as to how often Defendant is required to run electrical power as part of its business. Defendant emphasizes that it has an in-house electrical department and that its employees within that department were working alongside Plaintiff at the time of his injury. [D.E. 30, at 4]. However, this does not inform the Court of the tasks those electrical department employees regularly perform, including, whether they routinely run electrical power.

Furthermore, on at least two instances during his deposition, Ross testified that Plaintiff was injured while working on an expansion project, not a rebuild. First, Ross testified:

5

>     A: So – so you have recurring maintenance projects, rebuilds.
>     Q: Uh-huh.
>     A: And then you have things like the Weigh/Mix 3, which is – which is, you know, basically an expansion, an addition or – or increase in capacity.
>     Q: That's what Steve Dunn was working on when he was injured.
>     A: That's what Steve Dunn was working on when he was injured, right.

[D.E. 25-2, at 25]. Then, later in the deposition:

>     Q: And the cullet crusher pit that Dunn was working in the day of his injury was a new space.
>     A: No, it was not. It – it was the original pit that was built when the first cullet crush –
>     Q: Okay.
>     A: – was put in.
>     Q: But it was part – but his work there was to aid in the construction of Weigh/Mix 3.
>     A: Yes.
>     Q: And you had to – I assume that you had to tie in electrical from there to the Weigh/Mix 3 project.
>     A: Yes. He –
>     Q: Okay.
>     A: He was running – running electrical power.

[D.E. 25-2, at 55-56]. Ross' statements in his deposition imply that Plaintiff's task was necessitated by an expansion project, Weigh/Mix 3, which Ross testified was the first of its kind during his eleven years working for Defendant. [D.E. 25-2, at 26-31].

At this stage of the litigation, and based on the evidence presented, the Court cannot find that Plaintiff was injured while performing a task that was a regular or recurring part of Defendant's business. *See U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from

6

the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."). The issue before the Court, whether Defendant qualifies as a "contractor" under KRS 342.610(2), is one that is appropriate for determination as a matter of law. *See Rehm v. Navistar Int'l*, No. 2002-CA-1399-MR, 2005 Ky. App. LEXIS 48, at *10 (Ky. Ct. App. Feb. 25, 2005), *aff'd and rev'd* 236 S.W.3d 579 (Ky. 2007) ("[W]hen the underlying facts are undisputed, the question of whether certain work is of a kind which is a regular or recurrent part of the work of a particular business, trade or occupation, becomes a question of law for the court to decide."). However, neither party has provided the Court with the facts it needs to affirmatively answer the question of whether running electrical power was a task that is a regular or recurrent part of Defendant's business. Therefore, summary judgment for Defendant is improper at this time, and the parties are ordered to supplement their briefing on this issue.

**IV. Conclusion**

Accordingly, based on the foregoing, **IT IS ORDERED:**

(1) that Defendant's Motion for Summary Judgment [D.E. 25] be, and the same hereby is, **TAKEN UNDER ADVISEMENT;**

(2) that the parties shall have an additional **thirty (30) days** from the date of this Order in which to conduct discovery on the limited issue of the regularity or recurring nature of

running electrical power within Defendant Corning Incorporated's business;

(3) that Defendant shall have **fourteen (14) days** after the time for additional discovery in which to supplement its Motion for Summary Judgment [D.E. 25] on the issue of the regularity or recurring nature of running electrical power within Defendant Corning Incorporated's business;

(4) that Plaintiff shall have **fourteen (14) days** from the date Defendant supplements its Motion to supplement his Response to Defendant's Motion for Summary Judgment [D.E. 28] on the issue of the regularity or recurring nature of running electrical power within Defendant Corning Incorporated's business. The Clerk shall resubmit this motion to the Court at the conclusion of the additional briefing period.

This the 18th day of September, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge